# SUPREME COURT.

## GOODYEAR D. V. Co. and others agt. M. M. FRISSELLE and HYMAN ROOSA.

*Action on judgment recovered in circuit court of U. S. — Transcript filed and judgment docketed in county clerk's office — Leave to sue must first be obtained — Code of Civil Procedure, section 1271 — Code of Procedure, section 71.*

An action cannot be maintained on a judgment recovered in this state in a circuit court of the United States, where a transcript of the judgment has been filed and the judgment docketed in the county clerk's office, without first obtaining leave to sue the same.

*Ulster Circuit, January,* 1879.

*Mr. Angevine,* for plaintiff.

*Mr. Clearwater,* for defendant.

WESTBROOK, *J.* — This was an action tried by the court without a jury, and was brought upon a judgment recovered in this state in a circuit court of the United States, on the 1st day of February, 1876, for $340.60.

A transcript of the judgment was filed, and the judgment docketed in the clerk's office of Ulster county on the 30th day of March, 1876. No leave to sue the judgment has been obtained, and the question presented is, can the action be maintained without it?

Chapter 470 of the Laws of 1847, section 39, provides: "Transcripts of judgments rendered in this state in any court of the United States, duly certified by the clerk of such court, may be filed and docketed by the clerk of any county of this state, in the same manner as judgments rendered in the supreme court of this state." This provision, with a slight change of verbiage, is retained by section 1271 of the present

Code, which declares that the county clerk, on receiving the transcript, shall file it, and "must docket it, as if it had been rendered by the supreme court of the state."

If the section of the act of 1847, and that of the Code, just referred to, have any meaning, it is that when a transcript is filed and judgment docketed in pursuance thereof, such judgment has the effect of one rendered in the supreme court. It is preposterous to suppose that the docketing of the judgment is to have no efficacy, and all it can have is that, which we have mentioned. Requiring it to be docketed "in the same manner" as one "rendered in the supreme court of this state," or "as if it had been rendered" by such court, must impress upon it the same character, and give for its enforcement the same remedies which are prescribed by law for the enforcement of one recovered in this court. The party, by filing his transcript under the state laws, submits himself to their control and jurisdiction and by their provisions he must thereafter be guided.

By section 71 of the old Code, which is unrepealed (*see page 733 of Throop's edition of present Code*), it is declared : "No action shall be brought upon a judgment rendered in any court of this state, except a court of a justice of the peace, between the same parties, without leave of the court for good cause shown, on notice to the adverse party."

Perhaps the letter of this section does not apply to this case. Its language is, "a judgment rendered *in* any court of this state," and yet it is very doubtful, although this judgment was recovered in a circuit court of the United States, whether, when docketed in a county "*as if* it had been rendered" by this court, it is not one "rendered *in*" such court. At all events, it must have the effect and no greater, than that of one thus rendered, and it must be subject to the state laws, and to the remedies they provide. The statute declares that an action to enforce a judgment rendered in the courts of this state shall not be brought "without leave of the court, for good cause shown, on notice to the adverse

party," and as the plaintiffs have, by docketing their judgment in this county, elected to take the benefits and remedies provided by law to enforce a judgment recovered in this court, they must be amenable to its prohibitions as well.

The leave to sue is a condition precedent to the right to bring the action. No sound reason occurs to me preventing the defense to be raised by answer or upon the trial when no objection to its being so raised, founded upon the pleading (as there was not in this case) was made. Besides, when a statute prohibits an action from being brought, unless certain preliminary steps have been taken, the complaint is bad, unless the taking of those preliminary steps are averred. The fact that a judgment has been recovered does not give a right to maintain an action. That simple allegation only being made in the complaint, the party has no standing, for the recovery of the judgment must be supplemented by an order allowing the action to be brought, before it is maintainable; and, as the facts, upon which the right to sue depend, must be averred, it would seem to follow that the complaint shows no cause of action. I am aware that in *Lane* agt. *Satter* (4 *Robertson*, 239), the superior court of New York city, held, otherwise, but that decision, it seems to me, is not in accordance with the logic of pleading. Without, however, formally deciding that the complaint is bad (and perhaps it is not, as it does not appear on the face thereof that a transcript has been filed and judgment docketed in this county), as the defendant sets up the affirmative defense, that the judgment has been docketed in this county, and has thus been made amenable in its enforcement to our laws, I am satisfied, that the action cannot be maintained, as it certainly ought not to be; for no object, except the making of costs, can be secured by granting the prayer of the complaint.